# GISH v. WALKER.

PARTY WALL; USE OF; COMPENSATION.

There is such use of a party wall 9 inches thick which was made for a two-story residence as to require compensation therefor to the party who built it by the adjoining owner, when he subsequently erects a three-story building for which he carries up an independent 9-inch wall to the top of the party wall and above that a 13-inch wall extending 4 inches over the party wall, and uses the chimney in the party wall, carrying it up to accommodate his building, and connects with the party wall on the front so as to make a continuous wall across the front of both buildings, and where, except for the use made of the party wall, he would have been obliged by the building regulations to construct a 13-inch wall for his three-story building.

No. 3124.    Submitted April 3, 1918.    Decided May 6, 1918.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on directed

verdict, in an action to recover compensation for use of a party wall.    .                                            *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant, Genevieve K. Gish, brought suit in the municipal court of the District of Columbia to recover reasonable compensation for use of a party wall. From a judgment for plaintiff, defendant, Ernest G. Walker, appealed to the supreme court of the District of Columbia, where the case was tried to a jury, which resulted in a directed verdict for defendant.

On plaintiff's premises, 2327 Ashmead place, this city, was erected a two-story residence, the east wall of which was 9 inches thick, and was built one half on plaintiff's land and one half on defendant's land. Defendant erected on his lot a three-story dwelling, the west wall of which was erected against the 9-inch party wall. Defendant carried up an independent 9-inch wall until the top of plaintiff's wall was reached, and above that a 13-inch wall, which extended 4 inches over plaintiff's wall. On the front, defendant connected with the party wall, thus making a continuous wall extending across the front of the two buildings.

*Mr. Henry F. Woodard* for the appellant.

*Mr. S. Herbert Giesy* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is conceded that plaintiff's wall was constructed in all respects as required for a party wall of a two-story dwelling. It is also conceded that defendant, under the building regulations, but for plaintiff's wall, would have been required to construct a 13-inch wall for his three-story dwelling. It therefore appears that, by the presence of plaintiff's wall, defendant was only required to construct a 9-inch wall to the height of plaintiff's wall.

Undoubtedly, defendant could construct a wall independent

of the party wall, and be relieved from liability to plaintiff.
But is that what defendant did? There is testimony that he
attached to the party wall in front; that he used the chimney
in the party wall, extending it to sufficient height to accom-
modate his building, and that he rested 4 inches of the 13-inch
portion of his wall on top of the party wall. If these facts be
true, we think he so used the party wall as to entitle plaintiff
to recover. On these points there is some conflict in the evi-
dence, but this was for the jury to reconcile. It therefore was
error to direct a verdict.

The judgment is reversed, with costs, and the cause is re-
manded for a new trial.                    *Reversed and remanded.*

A motion for rehearing was denied May 25, 1918.

A motion for a writ of error to the Supreme Court of the
United States was denied May 25, 1918.